FILED

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.:     15 FEB 17 PM 2: 50

CLERK. ...
MIDDLE D...
FT. M... ...FLORIDA
...FLORIDA

J.P. and R.P. as
parents and natural guardians of
J.P., JR., a minor child,

      Plaintiff,

vs.                                      2:15-cV-103-FtM-38CM

BRIAN CONNELL and
BOY SCOUTS OF AMERICA,

      Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW, the Plaintiff, J.P. and R.P., as parents and natural guardians of J.P., JR., a minor, by and through undersigned counsel, sues the Defendants, BRIAN CONNELL ("CONNELL") and BOY SCOUTS OF AMERICA (hereinafter "BOY SCOUTS") and alleges as follows:

1.    This is an action for damages in excess of the jurisdictional limits of this Court, to wit: Fifteen Thousand and no/100th ($15,000.00) Dollars.

2.    At all times material herein, the Plaintiffs, J.P. and R.P., and their minor son, J.P., JR., were residents of Collier County, Florida.

3.    At all times material herein, J.P. and R.P. were over the age of 18 and are otherwise sui juris.

4.    At all times material herein, BRIAN CONNELL was over the age of 18 and a resident of Collier County, Florida.

5.    At all times material herein, Defendant, BOY SCOUTS, was a Foreign Corporation authorized to do business in the State of Florida, and did so in Collier County.

DEFENDANT'S
EXHIBIT
A

6.    At all times material herein, Plaintiff, J.P., JR., was a member of the BOY SCOUTS OF AMERICA, Troop 165 based in Collier County, Florida.

7.    At all times material herein, Defendant, BRIAN CONNELL, owned the boat, a 21 foot Boston Whaler bowrider style, that is the subject of this complaint.

8.    On July 19, 2014, CONNELL was using and allowing the subject boat to be utilized as part of the BOY SCOUTS Troop 165 Summertime Water Sports Activity Day a/k/a Water Sports Day in state waters at or near Bayview Park in Collier County, Florida.

9.    BOY SCOUTS knew or should have known that CONNELL'S boat was being utilized as part of its Water Sports Day.

10.    While in command of, in charge of and operating the boat, CONNELL, was allowing several minors to occupy and ride in tubes that were being pulled by his boat.

11.    J.P., JR., was an invitee and otherwise had permission to be on CONNELL'S boat, when he notified CONNELL that he was going to exit the boat to get on a tube that was attached to the boat.

12.    CONNELL failed to either turn the engine off or place it in neutral.

13.    As J.P.,JR., properly entered the water through the rear of the boat, J.P., JR., was sucked into the spinning propeller thereby causing serious injuries.

14.    CONNELL was not properly trained on how to properly operate this boat with its Mercury single 225 horsepower outboard motor with propeller.

15.    BOY SCOUTS knew or should have known that CONNELL was not properly trained on how to properly operate this boat with its Mercury single 225

horsepower outboard motor with propeller.

16.     J.P., JR., a minor, or any members of his family, were not given any safety instructions, training or safety literature for tubing, for being on CONNELL'S boat or for any Water Sports Day activities.

17.     There were no safety checks, safety briefings, or safety procedures in place, or that were utilized, on CONNELL's boat on July 19, 2014.

18.     J.P., JR., a minor, or any members of his family, were not informed as to what Waters Sports Day entailed.

19.     Prior to J.P., JR., being sucked into the spinning propeller, boys were jumping from boat to boat with little to no control over them.

20.     It was a disorganized chaotic scene immediately prior to and at the time J.P., JR., was sucked in to the spinning propeller.

21.     Neither of J.P., JR.'s parents were at the Water Sport Day nor was their attendance required or requested.

22.     BOY SCOUTS did not have adequate safety checks, safety briefings, or safety procedures in place for this WATER SPORTS DAY on July 19, 2014.

23.     J.P., JR's parents would not have allowed J.P., JR., to participate in this disorganized event had they known the way it was going to be run.

24.     CONNELL violated statutory rules and regulations included but not limited to Florida Statutes 327.33(2) and 327.33(3)(a).

25.     All conditions precedent have occurred, been performed, been satisfied, or have been complied with or waived.

## COUNT I – NEGLIGENCE AGAINST BRIAN CONNELL

Plaintiff reaffirms and re-alleges paragraphs one through twenty-five (1-25), as if fully set forth herein.

26.    On or about July 19, 2014, J.P., JR., was participating in Defendant, BOYSCOUT OF AMERICA's, Summertime Water Sports Activity Day.

27.    At all times material herein, the Defendant, BRIAN CONNELL, owed a duty to Plaintiff, J.P., JR., to maintain his boat in a reasonably safe condition so that invitees such as the plaintiff would not be endangered or injured by the use of his boat.

28.    That at the time and place above mentioned, the Defendant, BRIAN CONNELL, did breach the aforesaid duty to the Plaintiff through the following negligent acts of omission and commission and in the following manner:

a.    By failing to inspect and correct a dangerous condition on his boat; and/or

b.    By negligently operating his boat so as to allow the dangerous condition to exist for a reasonable period of time causing the Plaintiff, J.P., JR., to be injured; and/or

c.    By negligently operating his boat in such a dangerous manner as to cause the Plaintiff, J.P., JR., to be injured; and/or

d.    By negligently failing to warn the Plaintiff, J.P., JR., or other invitees on his boat, of the existence of the dangerous condition; and/or

e.    By failing to use reasonable care under the circumstances; and/or

f.    By failing to use reasonable care under the circumstances including not turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

g.    By failing to use reasonable care under the circumstances by not warning J.P., JR., of the dangerous condition; and/or

h.    By failing to use reasonable care under the circumstances by not instructing J.P., JR., on proper safety procedures; and/or

i.    By failing to use reasonable care under the circumstances by not inspecting or correcting a dangerous condition(s); and/or

j.    By failing to use reasonable care under the circumstances to take necessary precautions that are required by the ordinary practice of seamen including, but not limited to, turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

k.    By failing to use reasonable care under the circumstances by failing to operate his boat in a reasonable and prudent manner so as not to endanger the life, limb or property of another.

29.    The Defendant actually created or knew of the existence of the unsafe condition, or in the alternative, allowed it to exist for a sufficient length of time such as that a reasonable inspection or safety precaution would have disclosed it.

30.    As a direct and proximate result of the foregoing, Plaintiff, J.P., JR., sustained severe and permanent personal injuries. As a further result of the foregoing, Plaintiff sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish,

inconvenience, the loss of life's pleasures, and loss of capacity for the enjoyment of life, experienced in the past, and to be experienced in the future. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect, activation of a latent condition. Additionally, Plaintiff has sustained a reasonable value or expense of hospitalization, and medical and nursing care and treatment in the past and to be so obtained in the future. All of the above damages are continuing and/or permanent in nature.

WHEREFORE, Plaintiffs, J.P. and R.P., as parents and natural guardians of J.P., JR., a minor, sues the Defendant BRIAN CONNELL for damages in excess of the minimal jurisdictional limits of this Court, plus costs and demands trial by jury.

### COUNT II – NEGLIGENT TRAINING AGAINST BOY SCOUTS

Plaintiff reaffirms and re-alleges paragraphs one through twenty-five (1-25), as if fully set forth herein.

31.     The Defendant, BOY SCOUTS, owed a duty of reasonable care to the Plaintiff.

32.     Defendant breached this duty of reasonable care by failing to appropriately train and instruct BRIAN CONNELL, who was acting as an agent of BOY SCOUTS, as follows:

a.     Defendant failed to properly train or instruct the subject agent as to the proper procedure to follow when taking boy scouts on his boat; and/or

b.     Defendant failed to properly train or instruct the subject agent, as to the proper safety precautions to follow when taking boy scouts on a

*JP vs. Connell, et al*
*Complaint*
*Page 7*

boat; and/or

    c.    Defendant failed to properly train or instruct the subject agent; and/or

    d.    Defendant failed to properly train or instruct the subject agent on how to utilize reasonable care under the circumstances during Summertime Water Sports Activity Day; and/or

    e.    Defendant failed to properly train or instruct the subject agent on how to utilize reasonable care under the circumstances during Summertime Water Sports Activity Day including but not limited to turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

    f.    Defendant failed to properly train or instruct the subject agent on how to utilize reasonable care under the circumstances during Summertime Water Sports Activity Day including but not to limited to the failing to instruct on the taking of necessary precautions that are required by the ordinary practice of seamen including, but not limited to, turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

    g.    Defendant failed to properly train or instruct the subject agent on how to utilize reasonable care under the circumstances during Summertime Water Sports Activity Day including by failing to train or instruct CONNELL to operate his boat in a reasonable and prudent manner so as not to endanger the life, limb or property of another; and/or

    h.    Defendant failed to properly train or instruct the subject

agent by not requiring water safety or vessel operation certifications; and/or

       i.     Defendant failed to properly train or instruct the subject agent on how to use reasonable care under the circumstances.

    33.    It was or should have been foreseeable to the Defendant that without the proper training an incident like the one which is the subject of this Complaint, would occur.

    34.    As a direct and proximate result of the foregoing, Plaintiff, J.P., JR., sustained severe and permanent personal injuries. As a further result of the foregoing, Plaintiff sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience and loss of capacity for the enjoyment of life, the loss of life's pleasures, experienced in the past, and to be experienced in the future. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect, activation of a latent condition. Additionally, Plaintiff has sustained a reasonable value or expense of hospitalization, and medical and nursing care and treatment in the past and to be so obtained in the future. All of the above damages are continuing and/or permanent in nature.

    WHEREFORE, Plaintiffs, J.P. and R.P., as parents and natural guardians of J.P., JR., a minor, sues the Defendant BRIAN CONNELL for damages in excess of the minimal jurisdictional limits of this Court, plus costs and demands trial by jury.

### COUNT III – NEGLIGENT SUPERVISION AGAINST BOY SCOUTS

    Plaintiff reaffirms and re-alleges paragraphs one through twenty-five (1-25), as if fully set forth herein.

35.    The Defendant owed the Plaintiff a duty of reasonable care and/or reasonable care under the circumstances.

36.    The Defendant breached its duty of reasonable care and/or reasonable care under the circumstances by failing to carefully supervise the subject agent/volunteer, in which CONNELL was an agent/volunteer, despite the fact that BOY SCOUTS knew or should have known that CONNELL was taking boy scouts on his boat, and did not have proper training, knowledge or instruction on water activities including tubing and children playing on or around boats.

37.    Defendant breached this duty of reasonable care and/or reasonable care under the circumstances by failing to appropriately supervise CONNELL, who was acting as an agent or volunteer of BOY SCOUTS.

38.    Due to the foregoing, the Defendant should have had a more experienced, better trained agent, volunteer or employee, monitoring and supervising BRIAN CONNELL, so incidents of this type, would not have occurred.

39.    It was foreseeable to this Defendant that as a result of the lack of proper supervision of the subject agent/volunteer, an incident of the type alleged in this Complaint would or could occur.

40.    As a direct and proximate result of the foregoing, Plaintiff, J.P., JR., sustained severe and permanent personal injuries. As a further result of the foregoing, Plaintiff sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience, the loss of life's pleasures, and loss of capacity for the enjoyment of life, experienced in the past, and to be experienced in the future. Alternatively,

Plaintiff sustained an aggravation of an existing disease or mental or physical defect, activation of a latent condition. Additionally, Plaintiff has sustained a reasonable value or expense of hospitalization, and medical and nursing care and treatment in the past and to be so obtained in the future. All of the above damages are continuing and/or permanent in nature.

WHEREFORE, Plaintiffs, J.P. and R.P., as parents and natural guardians of J.P., JR., a minor, sues the Defendant BRIAN CONNELL for damages in excess of the minimal jurisdictional limits of this Court, plus costs and demands trial by jury.

### COUNT IV - VICARIOUS LIABILITY FOR NEGLIGENCE

Plaintiff reaffirms and re-alleges paragraphs one through twenty-five (1-25), as if fully set forth herein.

41.    BRIAN CONNELL, acting as an agent or apparent agent for BOY SCOUTS, within the course and scope of his volunteer work, and/or in furtherance of a purpose or interest of that volunteering, did breach his duty to maintain his boat in a reasonably safe condition so that invitees such as the plaintiff would not be endangered or injured by the use of his boat.

42.    Said agent or apparent agent of the Defendant, did breach the aforesaid duty to the Plaintiff through the following negligent acts of omission and commission and in the following manner:

a.    By failing to inspect and correct a dangerous condition on his boat; and/or

b.    By negligently operating his boat so as to allow the dangerous condition to exist for a reasonable period of time causing the Plaintiff, J.P., JR., to be injured; and/or

c.   By negligently operating his boat in such a dangerous manner as to cause the Plaintiff, J.P., JR., to be injured; and/or

d.   By negligently failing to warn the Plaintiff, J.P., JR., or other invitees on his boat, of the existence of the dangerous condition; and/or

e.   By failing to use reasonable care under the circumstances; and/or

f.   By failing to use reasonable care under the circumstances including not turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

g.   By failing to use reasonable care under the circumstances by not warning J.P., JR., of the dangerous condition; and/or

h.   By failing to use reasonable care under the circumstances by not instructing J.P., JR., on proper safety procedures; and/or

i.   By failing to use reasonable care under the circumstances by not inspecting or correcting a dangerous condition(s); and/or

j.   By failing to use reasonable care under the circumstances to take necessary precautions that are required by the ordinary practice of seamen including, but not limited to, turning the motor off, disengaging the motor, or putting it in neutral while J.P., JR., exited the boat; and/or

k.   By failing to use reasonable care under the circumstances by failing to operate his boat in a reasonable and prudent manner so as not to endanger the life, limb or property of another.

43.   As a direct and proximate result of the foregoing, Plaintiff, J.P., JR., sustained severe and permanent personal injuries. As a further result of the

foregoing, Plaintiff sustained bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, psychological trauma, mental anguish, inconvenience, the loss of life's pleasures, and loss of capacity for the enjoyment of life, experienced in the past, and to be experienced in the future. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect, activation of a latent condition. Additionally, Plaintiff has sustained a reasonable value or expense of hospitalization, and medical and nursing care and treatment in the past and to be so obtained in the future. All of the above damages are continuing and/or permanent in nature.

WHEREFORE, Plaintiffs, J.P. and R.P., as parents and natural guardians of J.P., JR., a minor, sues the Defendant BOY SCOUTS for damages in excess of the minimal jurisdictional limits of this Court, plus costs and demands trial by jury.

Dated this January 20, 2015.

Respectfully submitted,

**BALKAN & PATTERSON, LLP**
Attorneys for the Plaintiffs
1877 S. Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone:  (561) 750-9191
Facsimile:  (561) 750-1574
adam@balkanpatterson.com
tiffany@balkanpatterson.com
efile@balkanpatterson.com

**VERDERAMO & ESCOBAR**
Attorneys for Plaintiffs
2668 Airport Road S
Naples, FL 34112
Telephone:  (239) 775-1004
Facsimile:  (239) 775-3004
Derek@Verderamolaw.com

**J. DEREK VERDERAMO**
Fla Bar No.: 21316

By:  */s/ Adam M. Balkan*
         **ADAM M. BALKAN**
         Fla Bar No.: 0044880