UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

J. P. and R. P., as parent and natural
guardian of J.P., Jr., a minor child,

      Plaintiffs,

v.                              Case No:   2:15-cv-103-FtM-38CM

BRIAN CONNELL and BOY
SCOUTS OF AMERICA,

      Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on Plaintiffs J.P. and R.P.'s Motion to Remand to State Court (Doc. #13) filed on February 23, 2015. Defendant Boy Scouts of America filed a response in opposition on March 12, 2015. (Doc. #23). Thereafter, Plaintiff J.P. and R.P. filed supplemental authority. (Doc. #24).[2] In addition, Defendants Brian Connell and Boy Scouts of America filed a Motion for Jury Trial by Consent on March 13, 2015. (Doc. #25). Plaintiffs J.P. and R.P. filed a response in opposition to Defendants' motion on March 16, 2015. (Doc. #27). These matters are now ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Plaintiffs cite to two cases for supplemental authority. See Progressive Mountain Ins. Co. v. Dana McLendon Co., Inc., No. 2:14-cv-04413-DCN, 2015 WL 925932 (D. S.C. Mar. 4, 2015); Aarons v. Phillips 66 Co., Civil Action No. 14-601, 2015 WL 575358 (E.D. La. Feb. 11, 2015). Although the two cases are clearly not binding on the Court, the Court has reviewed and appropriately weighed the two cases.

**Background**

Plaintiffs J.P. and R.P.[3] as parents and natural guardians of J.P. Jr., a minor child, initiated a lawsuit against Defendants Brian Connell and Boy Scouts of America on or about January 20, 2015, in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida. (Doc. #2). According to the Complaint, J.P. Jr. was a member of Boy Scouts of America Troop 165 in Collier County Florida. (Doc. #2, at ¶6). On July 19, 2014, Troop 165, including J.R. Jr., participated in a water sports day called Summertime Water Sports Activity Day. (Doc. #2, at ¶8). The water activities occurred "in state waters at or near Bayview Park in Collier County." (Doc. #2, at ¶8). While participating in the water activities, J.P. Jr. was injured by Connell's boat. (Doc. #2, at ¶13). In light of the incident, J.P. Jr.'s parents are suing Connell and Boy Scouts of America for negligence (Count I), negligent training (Count II), negligent supervision (Count III), and vicarious liability for negligence (Count IV). The counts are brought pursuant to Florida common law.

On February 17, 2015, Boy Scouts of America filed a Notice of Removal. (Doc. #1). Boy Scouts of America asserted this case was a "general maritime personal injury action arising out of an incident that allegedly occurred on navigable waters in Collier County, Florida." (Doc. #1, at ¶1). Boy Scouts of America further asserted that removal was based on federal question jurisdiction and admiralty jurisdiction, citing 28 U.S.C. §§ 1331, 1333. (Doc. #1, at ¶5).

---

[3] The Complaint incorrectly refers to the parents by their initials. (See Doc. #2, at ¶3 (indicating that the parents are over 18 years old)). Although a minor's name must be referred to by their initials in a case, this rule does not expand to non-minor parents. See generally M.D. Fla. Admin. Proc. for Elec. Filing in Civil and Criminal Cases. As a result, non-minor parents should be referred to by their full names in this case going forward.

Upon review of the Complaint and the Notice of Removal, the Court was not convinced that federal or admiralty jurisdiction existed. For example, Boy Scouts of America failed to support its statement that the boating incident occurred on navigable waters. As a result, the Court required Boy Scouts of America to Show Cause as to why this case should not be remanded for failure to establish jurisdiction. (Doc. #12). Thereafter, J.P. and R.P. timely filed a Motion to Remand. (Doc. #13). Then, Boy Scouts filed a response to both the Court's Order to Show Cause and the Motion to Remand. (Doc. #19; Doc. #23). For the reasons that follow, the Court will grant J.P. and R.P.'s Motion to Remand.

**Discussion**

I.   General Removal Standard

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal courts "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." Id. (citations omitted). The removing party, here Boy Scouts of America, bears the burden of establishing the Court's jurisdiction. Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164-65 (11th Cir. 2006). If Boy Scouts of America is able to establish the Court's jurisdiction, then it is J.P. and R.P.'s burden to prove there is an applicable exception. Id.

Federal courts must construe removal statutes strictly because removal jurisdiction raises significant federalism concerns. Univ. of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). More specifically, jurisdiction as it relates to certain maritime claims raises significant federalism concerns. Pierce v. Parker Towing Co., Inc., 25 F.

Supp. 3d 1372, 1374 (11th Cir. 2014). Any and "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala., 168 F.3d at 411.

II.   General Federal Question Jurisdiction

Federal question jurisdiction requires a complaint to arise from "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts determine whether a complaint properly alleges a federal question by using the well-pleaded rule. Lopez v. Chase Bank, N.A., No. 8:13-CV-1895-T-17MSP, 2014 WL 523475, *1 (M.D. Fla. Feb 8, 2014). That is, the federal law cited in the complaint must create the cause of action or a plaintiff's right to relief must depend on the resolution of a substantial question of federal law. Lopez, 2014 WL 523475 at *1 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23-28 (1983)). Federal question jurisdiction is narrowly construed. Lopez, 2014 WL 523475 at *1 (citing Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 810-14 (1986)). Therefore, the mere presence of a federal issue in a state cause does not confer federal question. Id.

A review of the Complaint reveals this is a Florida common law action. There is no law cited in the Complaint that creates a federal cause of action. Moreover, a case with a general maritime nature requesting common law remedies does not provide a ground for federal jurisdiction. Pierce v. Parker Towing Co., Inc., 25 F. Supp. 3d 1372, 1376 (S.D. Ala. 2014) (citing Armstrong v. Ala. Power Co., 667 F.2d 1385, 1388 (11th Cir. 1982)). In light of the narrowly construed construction of federal question jurisdiction, the Court finds general federal question jurisdiction does not exist in this case.

III.    Admiralty Jurisdiction

Pursuant to 28 U.S.C. § 1333(1), federal courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Tokay Auto Remarketing & Leasing, Inc. v. Hull & Co., Inc., No. 8:11-cv-2863-T-33MAP, 2012 WL 1806113, at *2 (M.D. Fla. May 17, 2012). The savings clause, however, does not require that a tort maritime case be litigated in federal court. See Pierce, 25 F. Supp. 3d at 1375-76; see also Madruga v. Superior Court, 346 U.S. 556, 560 (1954) ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as a proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien."); Armstrong v. Ala. Power Co., 667 F.2d 1385, 1388 (11th Cir. 1982) ("a federal district court should not accept the removal of a saving clause case solely because of its general maritime nature: the maritime nature simply does not provide a ground for federal jurisdiction."); Coronel v. AK Victory, 1 F. Supp. 3d 1175, 1183 (W.D. Wash. 2014) ("the 'general rules of maritime law apply whether the proceeding be instituted in an admiralty or common-law court.'") (quoting Carlisle Packing, Co. v. Sandanger, 259 U.S. 225, 259 (1922)). In fact, federal courts "do[] not have original jurisdiction, based solely on its § 1333 admiralty jurisdiction, over general maritime claims requesting common law remedies." Pierce, 25 F. Supp. 3d at 1376.

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides in relevant part:

(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the

defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of the title, the citizenship of defendants sued under fictitious names shall be disregard. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2012).

Prior to the 2011 amendment to 28 U.S.C. § 1441(b), it was settled law that removal of an *in personam* maritime action, such as J.P. and R.P.'s, required a "separate basis of jurisdiction" such as diversity jurisdiction. Id. at 1377. After the 2011 amendment to 28 U.S.C. § 1441(b), several courts have found the amendment has not changed the rule. See, e.g., Pierce, 25 F. Supp. 3d at 1376 ("The 2012 change to the removal statute has erased language the Fifth Circuit interpreted as the basis for denying removal of *in personam* maritime claims. However, § 1441 was not the basis for denying removal of *in personam* claims in the Eleventh Circuit, or for that matter in *Poirrier*. The exception of § 1441 removal (i.e., "except as otherwise expressly provided by the Act of Congress") never came into play, and was never discussed in *Poirrier* or subsequent Eleventh Circuit cases. This is because it was made clear that there is no jurisdiction in this court, based solely on § 1333, of *in personam* claims seeking common law remedies. Thus, where the common law is competent to provide a remedy, as with in personam maritime claims filed in state court, a plaintiff may elect to pursue his common law remedies and the case cannot be removed based on § 1333."); Progressive Mountain Ins. Co. v. Dana C. McLendon Co. Inc., No. 2:14-cv-04413-DCN, 2015 WL 925932 (D. S.C. Mar. 4, 2015) (finding a defendant may only remove a case in which an *in personam* maritime claim is

brought when the case includes an independent ground for federal question jurisdiction). There are some courts, however, that have found otherwise. See, e.g., Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 778 (S.D. Tx. 2013) (finding case brought pursuant to Death on the High Sea Act and Longshore and Harbor Workers' Compensation Act were removable to federal court pursuant to admiralty jurisdiction).

Here, the parties disagree as to whether Section 1441(b) now gives the Court jurisdiction to facilitate this case. Boy Scouts of America argues Section 1441(b) allows general admiralty cases, such as this common law *in personam* case, to be removed to federal court without another basis. Boy Scouts of America heavily relies on a case called Ryan and its progeny. See Ryan, 945 F. Supp. 2d 772. Whereas, J.P. and R.P. argue the contrary and rely on cases that have rejected Ryan. See, e.g., Progressive Mountain, 2015 WL 925932.

Upon consideration of the arguments and case law presented to the Court, the Court finds the 2011 amendment to Section 1441 does not permit maritime claims to be removed to federal court without an independent basis for jurisdiction. A plain reading and interpretation of Section 1441 when read in light of the savings to suitors clause undermines the reasoning in Ryan. Federal courts have long supported a plaintiff's right to choose a forum, state or federal, in common-law maritime actions. See generally Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959) ("Thus the historic option of  a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expended view of s 1331, since saving-clause actions would be freely removable under s 1441"). Here, J.P. and R.P.'s *in personam* action, initially brought in state court, seeks common law remedies. The Court cannot disturb J.P.

and R.P.'s prerogative to pursue their action in state court. Pierce, 25 F. Supp. 3d at 1376 (citing Vincent v. Regions Bank, No. 8:08-cv-1756-T-23EAJ, 2008 WL 5235114, at *1 (M.D. Fla. Dec. 15, 2008)). The Court's finding is in good company. See, e.g., Pierce, 25 F. Supp. 3d 1372; Progressive Mountain, 2015 WL 925932, at *4 (finding general maritime law claims are not removable); A.E.A. ex rel. Angelopoulous v. Volvo Penta of the Americas, No. 2:14-cv-425, 2015 WL 128055, at *7 (E.D. Va. Jan. 9, 2015) ("When read in light of the saving to suitors clause, a plain meaning interpretation of § 1441 undermines the Ryan court's reasoning."); Harrold v. Liberty Ins. Underwriters, Civ. Actions Nos. 13-762, 13-831, 2014 WL 5801673, at *3 (M.D. La. Nov. 7, 2014) ("The Court believes that the correct view is also the majority view and that general maritime claims are not removal, despite the changes to 28 U.S.C. § 1441.").

IV.   Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), a court may award attorney's fees to a non-removing party "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Whereas, "when an objectively reasonable basis exists, fees should be denied." Id. (citations omitted). Nonetheless, a district court has discretion in determining whether a case has unusual circumstances that warrant a departure from the general rule. Id.

Here, J.P. and R.P. seek attorney's fees. Boy Scouts of America opposes this request. In light of the circumstances of this case, such as this being a matter of first impression in the Middle District of Florida, the Court finds Boy Scouts of America's removal to federal court was objectively reasonable. See generally Butler v. RLB Contracting, Inc., No. 3:14-cv-112, 2014 WL 1653078, at *4 (S.D. Tex. Apr. 24, 2014)

(denying request for attorney's fees because the law was unsettled, among other things). There are no unusual circumstances to find otherwise. Therefore, the Court will not award attorney's fees to J.P. and R.P.

V.    Motion for Jury Trial By Consent

"Perhaps the most salient distinction persisting between maritime claims brought in admiralty and at law is the right to a jury trial." Coronel, 1 F. Supp. 3d at 1183 (citing Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001)). That is, if J.P. and R.P. initiated their action in federal court pursuant to Section 1333 admiralty jurisdiction, then the remedy of trial by jury would not be available. Pierce, 25 F. Supp. 3d at 1381 (citing Wilson v. Suzuki of Orange Park, No. 305CV469J32TEM, 2005 WL 3372839, at *4 (M.D. Fla. Dec. 12, 2005); Se. Marine, LLC v. Motor Yacht OCEAN CLUB, No. 3:09-cv-693-J-25STEM, 2010 WL 2540701, at *1 (M.D. Fla. June 21, 2010)). Since there is no separate basis for federal jurisdiction, such as diversity jurisdiction, remand is the *only* way to preserve J.P. and R.P.'s right to jury trial. Pierce, 25 F. Supp. 3d at 1382 (citing Barry v. Shell Oil Co., Civil Action No. 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 15, 2014)).

Nevertheless, both defendants, Boy Scouts of America and Connell, filed a motion for jury trial by consent. (Doc. #25). Defendants argue since they consent to a trial by jury pursuant to Rule 39(c), the Court should maintain this matter in federal court. Fed.R.Civ.P. Rule 39(c). J.P. and R.P. oppose the motion to the extent it attempts to commandeer their right to a trial in state court. In light of J.P. and R.P.'s objection to the motion, the Court finds there is no sincere Rule 39(c) consent to jury trial in federal court. Under the circumstances, the Court will not allow Boy Scouts of America and Connell to usurp J.P. and R.P.'s prerogative to bring their common law action in state court.

VI.   <u>Certification</u>

Boy Scouts of America requests the Court to certify this order under 28 U.S.C. § 1292(b) as one involving a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for the order may materially advance the ultimate termination of the litigation" so that it may have the opportunity to address this important issue with the Eleventh Circuit Court of Appeals. To the extent the Eleventh Circuit finds it has jurisdiction to facilitate an appeal on this issue, the Court will grant certification of its order under Section 1292(b) because there is a substantial ground for difference of opinion.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs J.P. and R.P.'s Motion to Remand to State Court (Doc. #13) is **GRANTED in part**.

   a. The motion to remand is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

   b. Plaintiffs J.P. and R.P.'s request for attorney's fees is **DENIED**.

2. Defendants' Motion for Jury Trial by Consent (Doc. #25) is **DENIED**.

3. Defendant Boy Scouts of America's request for certification pursuant to 28 U.S.C. § 1292(b) is **GRANTED**.

4. Defendants' Motion to Consolidate (Doc. #10) is **DENIED as moot**.

5. The Clerk is directed to transmit a certified copy of this order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

6.  The Clerk is directed to **CLOSE** the case and terminate any and all scheduling

deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record